No. 801
ECONOMOW v. CLEVELAND
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5549. Decided Oct. 6, 1924

541. FOOD LAWS—Proof of adulterous character of mixture held necssary to warrant conviction for adulterating food.

SULLIVAN, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Economow was tried and convicted for the violation of Sec. 262 of the sanitary code of Cleveland under an affidavit charging its violation by the adulteration of food. The ordinance provides that food shall be deemed adulterated when an inferior substance has been substituted in whole or in part for the article. The evidence disclosed that 25 ounces

of chicory was put into every 100 pounds of coffee by the accused. After the conviction error was prosecuted to the Court of Appeals. In reversing the judgment of the lower court, this court held:

1. In order to convict for a violation of the ordinance it is necessary to offer competent evidence that the proportion of chicory was an adulteration deleterious and of an inferior substance which, by the compounding and the use thereof would reduce the purity of said coffee. As there was no evidence to show that the chicory adulterated the coffee, the conviction was manifestly against the weight of the evidence and contrary to law.

Attorneys—Melville W. Vickery, for Economow; J. M. Kovachy, for the City; both of Cleveland.

---

No. 802
BROOKHART v. KIPLINGER, Exr.
Ohio Appeals, 9th Dist., Summit County
No. 865. Decided Oct. 24, 1924

1245. VERDICT—Same rule as to reversal on review applies to verdict directed by court as governs verdict rendered by jury.

PER CURIAM.          Epitomized Opinion
Published Only in Ohio Law Abstract

Brookhart brought an action against the estate of Kiplinger, deceased, and one Schroeder as surety, upon a bond given by the decedent to Brookhart. Brookhart was a general insurance agent and Kiplinger was an agent for him in the Akron territory, and the latter gave a bond upon which he later defauted. The evidence disclosed that Schroeder signed the bond without knowing of the prior default of Kiplinger and he testified that if he had known of the same he would not have signed the bond. At the conclusion of all the evidence motions were made for directed verdicts and the trial court directed a verdict in favor of Brookhart against Kiplinger's estate and directed a verdict for Schroeder, the surety, against Brookhart. In affirming the judgment of the lower court, the Court of Appeals held:

1. The findings of a court when the parties waive a jury by asking for a directed verdict will not be disturbed by a reviewing court unless such findings and judgment are clearly against the weight of the evidence. As it cannot be said that the finding of the court was not justifiable, the judgment will not be disturbed.

Attorneys—Hay & Zook and Slabough, Young, Seiberling, Huber & Guinther, for Brookhart; Rockwell & Grant and Musser, Kimber & Huffman, for Kiplinger et al; all of Akron.